

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS

Gerald C. Mann
PRICE DANIEL
ATTORNEY GENERAL

Honorable L. R. Thompson
County Auditor
Abilene, Texas

Dear Sir:

Opinion No. O-3402
Re: Exemption from taxation
of land deeded to a col-
lege for the purpose of
avoiding foreclosure of a
mortgage thereon, the note
and mortgage having been a
part of the endowment fund
of such college.

In your letter of April 9, 1941, you submit the following facts:

A certain college had endowment funds loaned on land and the mortgagor to avoid foreclosure deeded the land to the college.

You request our opinion as to whether such college is entitled to have the land thus acquired exempt from taxation for a period of two years after such acquisition.

Article VIII, Section 2, of the Constitution of Texas as adopted in 1928 provides in part as follows:

"The Legislature may by general laws exempt from taxation . . . all buildings used exclusively and owned by persons or associations of persons for school purposes. . .; also the endowment funds of such institutions of learning and religion not used with a view to profit; and when the same are invested in bonds or mortgages or in land or other property which has been and shall hereafter be bought in by such institutions under foreclosure sales made to satisfy or protect such bonds or mortgages, that such exemption of such land and property shall continue only for two years after the purchase of the same at such sale by such institutions and no longer, and institutions of purely public charity; and all laws exempting property from taxation other than the property above mentioned shall be null and void."

Article 7150, Revised Civil Statutes of Texas, describes the property which shall be exempt from taxation and Section 1 thereof, as amended in 1931, contains a description of the following property as being so exempt:

Honorable L. R. Thompson, page 2

"All public colleges, public academies and
all endowment funds of institutions of learning
and religion not used with a view to profit and
when the same are invested in bonds or mortgages
and all such buildings used exclusively and owned
by persons or associations of persons for school
purposes; provided that when the land or other
property has been or shall hereafter be bought in by
such institutions under foreclosure sales made to
satisfy or protect bonds or mortgages in which said
endowment funds are invested, that such exemption
of such land and property shall continue for two
years after the purchase of the same at such sale
by such institutions and no longer."

A reading of the quoted constitutional and statu-
tory provisions shows a very definite intention to limit and
curtail the exemption of such eddowment funds once the same
have been converted into land. Evidently the thought was to
keep at a minimum the amount of lands withdrawn from taxation
by reason of school ownership. It was recognized that if
such endowment funds should be invested in bonds or mortgages,
with land as the security, the ultimate result would be that
on some occasions the college would be forced to acquire the
security in properly making use of and protecting the endow-
ment funds. Thus it was meant to protect the endowment fund
from taxation so long as it should be invested in bonds or
mortgages and in the event it should be necessary for the
protection of the fund to convert it into land then it was
intended to permit the institution to have a reasonable but
comparatively short period of time within which to dispose
of the land before the same should be again subject to taxa-
tion. However, both the Constitution and statute limited
the exemption to land or other property acquired "under
foreclosure sales." Viewed from the standpoint of the State
and county and other taxing bodies the voluntary deeding of
the land to the mortgagee is a different proceeding from a
foreclosure sale. Under the former proceeding third parties—
in whose hands the property would be taxable — are not given
an opportunity to acquire title to such property, while in a
foreclosure proceeding they would be. In both the Constitu-
tion and statute the intention appears that the exemption shall
apply only in the event it is bought in at a foreclosure sale.
Exemptions are to be strictly construed.

Our answer to your question is a negative one. We
presume that the property thus acquired is not used exclusive-
ly for school purposes so as to bring it within another exemp-
tion provided in the above constitutional and statutory pro-
visions.

Yours very truly
ATTORNEY GENERAL OF TEXAS
By (Signed) GLENN R. LEWIS
Assistant

APPROVED
APR 18, 1941
s/ GROVER SELLERS
FIRST ASSISTANT ATTORNEY
GENERAL

APPROVED Opinion Committee
By B.W.B. Chairman